# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| KINECTUS LLC, | |
| Plaintiff, | CIVIL ACTION NO. 20-cv-942 |
| v. | |
| BUMBLE TRADING, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff KinectUs LLC ("KinectUs" or "Plaintiff") files this Complaint for patent infringement against Defendant Bumble Trading, LLC ("Bumble" or "Defendant") and states as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*.

2.      KinectUs is the owner of all rights, title, and interest in U.S. Patent No. 9,294,428 ("the '428 Patent"); U.S. Patent No. 9,584,464 ("the '464 Patent"); U.S. Patent No. 9,763,070 ("the '070 Patent"); U.S. Patent No. 10,117,074 ("the '074 Patent"); U.S. Patent No. 10,117,075 ("the '075 Patent"); and U.S. Patent No.

10,516,979 ("the '979 Patent") (collectively, "the Asserted Patents"), which are attached as Exhibits A-F and incorporated herein by reference.

3.     Defendant Bumble has infringed and continues to infringe one or more claims of the Asserted Patents by making, using, importing, offering to sell, and selling within the United States, including in this District, certain products and services.  KinectUs seeks to recover monetary damages, attorneys' fees, costs, and also seeks injunctive relief.

## THE PARTIES

4.     KinectUs is a Delaware limited liability corporation with a business address of P.O. Box 230748, Boston, Massachusetts 02123.

5.     On information and belief, Defendant Bumble is a corporation organized under the laws of Delaware with its principal place of business at 1105 W. 41st St., Austin, Texas 78756 (pictured below).



## JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendant, in part because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Texas.   For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has a regular and established place of business in the District at 1105 W. 41st St., Austin, Texas 78756.  Defendant directly, and through agents, regularly does, solicits, and transacts business in the Western District of Texas.

8.     In particular, Defendant has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 within the Western District of Texas. Defendant has in the past made, used, marketed, distributed, offered for sale, sold, and/or imported infringing products, and performed infringing methods, in the State of Texas and in the Western District of Texas.  Defendant continues to make, use, market, distribute, offer for sale, sell, and/or import infringing products, and perform infringing methods, in the State of Texas and in the Western District of Texas. Accordingly, Defendant has in the past engaged, and continues to engage, in

infringing conduct within and directed to or from this District. Additionally, Defendant has purposefully and voluntarily placed its infringing products into the stream of commerce with the expectation that its infringing products will be used in this District. The infringing products have been and continue to be distributed to and used in this District. Upon information and belief, the infringing products have been and continue to be distributed from this District. Defendant's acts have caused, and continue to cause, injury to Plaintiff, including within this District.

9. Venue is proper in this District under the provisions of 28 U.S.C. §§ 1391 and 1400(b) at least because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District at 1105 W. 41st St., Austin, Texas 78756.

## BACKGROUND

10. In 2011, Christopher Nordstrom conceived the idea for an on-demand, location-based social mobile platform that focused on connecting people for activities while also protecting users' mobile privacy. Mr. Nordstrom initially called the social mobile platform "BUMP," and its mission was to "Introduce the WORLD to each other," with the tagline "Who will you BUMP into?" After coming up with the idea for BUMP, Mr. Nordstrom began seeking intellectual property protection for his inventions.

11.     In 2012, Mr. Nordstrom began developing the social mobile platform and renamed the platform KinectUs™.  KinectUs LLC would also become the name of the company co-founded by Mr. Nordstrom and Romit Choudhury, Ph.D. the same year.  Mr. Nordstrom, Dr. Choudhury and a team of developers and designers worked on further developing the KinectUs™ mobile platform.

12.     In 2015, KinectUs made available an on-demand, location-based social mobile platform that focused on connecting people for activities while also protecting the user's mobile privacy.  Since its launch, the KinectUs™ platform has continued to function in essentially the same way.



http://www.kinectus.net/ (last visited Sept. 28, 2020).

13.     The KinectUs™ social mobile platform uses a private browsing approach that requires two people to mutually select each other before they are "Kinected" in a chat session to coordinate plans.  http://www.kinectus.net/faq.html (last visited Sept. 28, 2020).   In addition, a user's unsuccessful, anonymous connection attempts automatically expire in approximately 24 hours, locations of users are not displayed on maps, KinectUs™ profiles include minimal content, and displayed distances and search times are only generalized.  *Id*.

14.     A user of the KinectUs™ mobile application can select from a menu of activities   and   search   for   other   users   on   the   KinectUs   platform. http://www.kinectus.net/faq.html (last accessed on Sept. 28, 2020).  The KinectUs™ platform can search for people it thinks the user would most like to connect with for the requested activity.  *Id*.



http://www.kinectus.net/ (last visited Sept. 28, 2020).

15. The KinectUs website description, for example, put users on notice that the KinectUs product is "[p]rotected by U.S. Patents 9,294,428, 9,585,464, 9,763,070, 10,117,074, 10,117,075. *Id*. Additional patents pending in the U.S. and elsewhere." This notice has been continuously present and maintained.

## THE ASSERTED PATENTS

16. U.S. Patent No. 9,294,428, entitled "Systems and Method for Establishing Communications Between Mobile Device Users," issued on March 22, 2016, to inventors Christopher Nordstrom and Romit Choudhury. The '428 Patent expires on April 3, 2034. The '428 Patent claims priority to U.S. Provisional Application No. 61/587,946, filed on January 18, 2012, U.S. Provisional Application No. 61/680,949, filed on August 8, 2012, and U.S. Provisional Application No. 61/746,638, filed on December 28, 2012.

17. Exhibit A is a true and correct copy of the '428 Patent.

18. U.S. Patent No. 9,584,464, entitled "Systems and Method for Establishing Communications Between Mobile Device Users," issued on February 28, 2017, to inventors Christopher Nordstrom and Romit Choudhury. The '464 Patent expires on January 17, 2033. The '464 Patent claims priority to U.S. Provisional Application No. 61/587,946, filed on January 18, 2012, U.S. Provisional Application No. 61/680,949, filed on August 8, 2012, and U.S. Provisional

Application No. 61/746,638, filed on December 28, 2012. The '464 Patent is a continuation of the application that resulted in the '428 Patent.

19. Exhibit B is a true and correct copy of the '464 Patent.

20. U.S. Patent No. 9,763,070, entitled "Systems and Method for Establishing Communications Between Mobile Device Users," issued on September 12, 2017, to inventors Christopher Nordstrom and Romit Choudhury. The '070 Patent expires on January 17, 2033. The '070 Patent claims priority to U.S. Provisional Application No. 61/587,946, filed on January 18, 2012, U.S. Provisional Application No. 61/680,949, filed on August 8, 2012, and U.S. Provisional Application No. 61/746,638, filed on December 28, 2012. The '070 Patent is a continuation of the application that resulted in the '464 Patent.

21. Exhibit C is a true and correct copy of the '070 Patent.

22. U.S. Patent No. 10,117,074, entitled "Systems and Method for Establishing Communications Between Mobile Device Users," issued on October 30, 2018, to inventors Christopher Nordstrom and Romit Choudhury. The '074 Patent expires on January 17, 2033. The '074 Patent claims priority to U.S. Provisional Application No. 61/587,946, filed on January 18, 2012, U.S. Provisional Application No. 61/680,949, filed on August 8, 2012, and U.S. Provisional Application No. 61/746,638, filed on December 28, 2012. The '074 Patent is a continuation of the application that resulted in the'070 Patent.

23.     Exhibit D is a true and correct copy of the '074 Patent.

24.     U.S. Patent No. 10,117,075, entitled "Systems and Method for Establishing Communications Between Mobile Device Users," issued on October 30, 2018, to inventors Christopher Nordstrom and Romit Choudhury. The '075 Patent expires on January 17, 2033. The '075 Patent claims priority to U.S. Provisional Application No. 61/587,946, filed on January 18, 2012, U.S. Provisional Application No. 61/680,949, filed on August 8, 2012, and U.S. Provisional Application No. 61/746,638, filed on December 28, 2012. The '075 Patent is a continuation of the application that resulted in the '074 Patent.

25.     Exhibit E is a true and correct copy of the '075 Patent.

26.     U.S. Patent No. 10,516,979, entitled "Systems and Method for Establishing Communications Between Mobile Device Users," issued on December 24, 2019, to inventors Christopher Nordstrom and Romit Choudhury. The '979 Patent expires on January 17, 2033. The '979 Patent claims priority to U.S. Provisional Application No. 61/587,946, filed on January 18, 2012, U.S. Provisional Application No. 61/680,949, filed on August 8, 2012, and U.S. Provisional Application No. 61/746,638, filed on December 28, 2012. The '979 Patent is a continuation of an application that is, itself, a continuation of the application that resulted in the '075 Patent.

27.     Exhibit F is a true and correct copy of the '979 Patent.

28.     The '428 Patent is valid and enforceable under United States patent laws.

29.     The '464 Patent is valid and enforceable under United States patent laws.

30.     The '070 Patent is valid and enforceable under United States patent laws.

31.     The '074 Patent is valid and enforceable under United States patent laws.

32.     The '075 Patent is valid and enforceable under United States patent laws.

33.     The '979 Patent is valid and enforceable under United States patent laws.

34.     Plaintiff is the owner of the Asserted Patents, having received all rights, title and interest in and to the Asserted Patents.

35.     The Asserted Patents address, among other things, a specific technological improvement for matching and connecting mobile device users in a social networking or other collaborative environment by increasing privacy and security for mobile device users and by removing barriers and inefficiencies with respect to electronic communications established with other mobile device users in a social networking or other collaborative environment.

36.     The Asserted Patents generally disclose systems and methods for assisting mobile device users in detecting friends or other interested people in a flexible, secure, and private manner.  For example, in one disclosed embodiment, a mobile device application scans a surrounding area for other mobile device users that meet predetermined search criteria established by the roaming mobile device user, for example, other mobile device users determined to be in a same vicinity and/or that share a common interest, attribute, status, or profile as the roaming mobile device user.  The roaming mobile device user can be presented with a list of names, profile pictures, or identifiers of other mobile device users that are in the same vicinity and/or determined to share a common interest, attribute, or current status as the roaming mobile device.  Similarly, the discovered mobile device user receives a list of names, profile pictures, or other identifiers of other mobile device users, one of which can include the name or identifier of the roaming mobile device user.  If the discovered mobile device user is selected from the roaming mobile device's list, and the roaming device user is selected from the discovered device's list, then a communication, *e.g.*, instant message, can be established between the two mobile devices.

37.     The Asserted Patents claim, among other things, a specific implementation of a solution to a problem in the privacy and security of mobile device users in social networking or other collaborative environments.  For example,

the Asserted Patents identify numerous specific advantages that the claimed techniques provide as compared to traditional forms of social networking platforms. *See*, *e.g.*, Ex. A. '797 Patent at 3:11-6:18. Moreover, the claimed technology cannot be performed as mental steps by a human, nor does the claimed subject matter represent the application of a generic computer to any well-known method of organizing human behavior.

38. The Asserted Patents claim inventive concepts that are significantly more than any patent-ineligible, abstract idea. Specifically, the Asserted Patents include individual limitations as well as ordered combinations of limitations that were not well-understood, routine, or conventional, and cover multiple advantages, and combinations of advantages, that were not well-understood, routine, or conventional. *See*, *e.g.*, Ex. A. '797 Patent at 14:10-65.

## BUMBLE'S INFRINGING PRODUCTS AND ACTIVITIES

39. Bumble provides a location-based social mobile application and platform (collectively, together with the method of operating the application and platform, the "Accused Instrumentality" or "Bumble App") that facilitates communication between interested users. Bumble markets the Bumble App as being "the first app of its kind to bring dating, friend-finding, and career-building to a single platform" by offering users the following ways to connect: Bumble Date; Bumble BFF; and Bumble Bizz. https://bumble.com/en/help/how-does-bumble-

work (last visited Sept. 28, 2020).  A user can switch between Bumble Date ("Date Mode"), Bumble BFF ("BFF Mode"), and Bumble Bizz ("Bizz Mode") (collectively, "Bumble modes") and maintain separate profiles for each Bumble mode.  https://bumble.com/en/help/can-i-use-multiple-bumble-modes (last visited Sept. 28, 2020).

40.     A user can sign up for the Bumble App using their mobile number.  *See*, *e.g.*, https://bumble.com/en/the-buzz/non-facebook-login (last visited Sept. 28, 2020).  The Bumble App verifies a user's mobile phone number through a SMS verification in the U.S.  *Id*.  A user can then build their Bumble profile by adding photos of themselves through the Bumble App. https://www.youtube.com/watch?v=fQRA1rKCGqA (last visited Sept. 28, 2020).

41.     Users of the Bumble App are provided with multiple profiles to review for potential matches (*e.g.*, the Swipe Deck).  *See*, *e.g.*, https://bumble.com/en/help/why-did-i-run-out-of-people-to-swipe-on (last visited Sept. 28, 2020).  Users swipe right to like a potential match from the provided profiles and left to reject them.  If two users swipe right when reviewing each other's profiles, both users will see a "Boom" screen on their mobile devices, which includes pictures of the two users.  *See* https://bumble.com/en/help/why-can-t-i-start-a-conversation-with-somebody-i-ve-swiped-right-on (last visited Sept. 28, 2020).

42.     In Date Mode, users with "First Move privileges" will have the ability to send the first message directly from the 'Boom' screen which appears once two users match. https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited Sept. 28, 2020).

43.     In BFF Mode, both users have "First Move privilege," which means that either party is able to send the first message once a match is created from the "Boom" screen. *Id*.

44.     In Bizz Mode, once a match is established, users with "First Move privilege" have seven days to send the first message from the "Boom" screen. *Id*. From the time the first message is sent, users without First Move privileges have seven days to respond in order to lock in the connection. *Id*.

45.     Upon information and belief, Bumble had a monthly U.S. user base of 5 million as of September 2019. *See*, *e.g.*, https://www.statista.com/statistics/826778/most-popular-dating-apps-by-audience-size-usa/ (last visited Sept. 28, 2020).  Upon information and belief, Bumble has more than 100 million total users as of July 2020. *See*, *e.g.*, https://www.statesman.com/business/20200902/report-austinrsquos-bumble-considers-going-public (last visited Sept. 28, 2020).

## BUMBLE'S KNOWLEDGE OF THE ASSERTED PATENTS

46.     Bumble filed Petitions for *Inter Partes* Review of U.S. Patent No. 9,733,811 B2. *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Paper 1 (PTAB Mar. 20, 2019); *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01537, Paper 1 (PTAB Aug. 26, 2019); and *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01538, Paper 1 (PTAB Aug. 26, 2019). In Bumble's petitions, Bumble cited to and included the '428 Patent as an exhibit. *See*, *e.g.*, *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Exhibit 1013 (PTAB Mar. 20, 2019); *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01537, Exhibit 1013 (PTAB Aug. 26, 2019); and *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01538, Exhibit 1113 (PTAB Aug. 26, 2019). In support of its petitions, Bumble also submitted declarations from an expert, Christopher M. Schmandt, that cite to the '428 Patent and refer the '428 Patent as being "assigned to the software company that developed the social collaboration application, KinectUs." *See*, *e.g.*, *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Exhibit 1002 (PTAB Mar. 20, 2019); *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01537, Exhibit 1002 (PTAB Aug. 26, 2019); and *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01538, Exhibit 1002 (PTAB Aug. 26, 2019). Upon information and belief, Bumble cited and charted the '428 Patent as Exhibits 34-A, 34-B, and 34-C in

Defendant Bumble Trading Inc.'s Preliminary Invalidity Contentions served on March 22, 2019 in *Match Group, LLC v. Bumble Trading, Inc.*, Case No. 6:18-cv-00080-ADA (W.D. Tex.). *See*, *e.g.*, *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Exhibit 2004 (PTAB Mar. 20, 2019).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,294,428

47. Plaintiff incorporates by reference and re-alleges the foregoing allegations of this Complaint as if fully set forth herein.

48. Defendant has directly infringed and continues to infringe at least claim 1 of the '428 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, or selling in the United States, and/or importing into the United States without authority or license the Accused Instrumentality. On information and belief, Bumble uses the Accused Instrumentality through at least testing, evaluations, and demonstrations. For example, as part of its sales and marketing activities, Bumble performs infringing demonstrations, evaluations, and testing of the Accused Instrumentality in the United States. On information and belief, Bumble sells and offers for sale the Accused Instrumentality to customers and end users in the United States and generates revenue from sales of the Accused Instrumentality to customers and end users. On information and belief, Bumble provides instructions and teachings to its customers and end users such that the Accused Instrumentality can be used to infringe the '428 Patent.

49.    The Accused Instrumentality meets all the limitations of at least claim

1 of the '428 Patent.  For example, claim 1 of the '428 patent recites:

A method for establishing a communication between mobile devices, comprising:

registering a plurality of mobile devices with a collaboration system, each mobile device including profile data;

determining, by the collaboration system, a match between profile data of a first registered mobile device and profile data of a second registered mobile device;

displaying at the first registered mobile device in response to the match a first list of user identifications, the first list including an identification of a user of the second registered mobile device;

displaying at the second registered mobile device in response to the match a second list of user identifications, the second list including an identification of a user of the first registered mobile device;

providing at the first registered mobile device an option for the user of the first registered mobile device to select or not to select the identification of the second registered mobile device user from the first list;

providing at the second registered mobile device an option for the user of the second registered mobile device to select or not to select the identification of the first registered mobile device user from the second list;

selecting the identification of the second registered mobile device user from the first list;

selecting the identification of the first registered mobile device user from the second list;

generating a notification at the first registered mobile device of at least one of a location or an element of the profile data of the second registered mobile device; and generating a notification at the second registered mobile device of at least one of a location, or an element of

the profile data of the first registered mobile device, wherein the profile data of the first registered mobile device or the second registered mobile device includes at least one of a location, an attribute, a status, personal information, a social relationship between the first and second registered mobile device users, a common interest, current or historical location data, previously or currently selected user identifications, or a scanning preference or search criteria.

50.    A non-limiting and exemplary claim chart comparing the Accused Instrumentality to claim 1 of the '428 Patent is attached hereto as Exhibit G and is incorporated herein as if fully rewritten. This description is based on publicly available information.  Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the Accused Instrumentality that it obtains during discovery.

51.    As in claim 1 of the '428 Patent, the Accused Instrumentality establishes a communication (*e.g.*, messaging, video chat, and voice call) between mobile devices.  *See, e.g.*, https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited Sept. 28, 2020); https://bumble.com/en-us/the-buzz/video-chat-voice-call (last visited Sept. 28, 2020); and https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020).

52.    As in claim 1 of the '428 Patent, the Accused Instrumentality registers a plurality of mobile devices with a collaboration system (*e.g.*, the Bumble App matching system), each mobile device including profile data.  For example, Bumble App users register their mobile device with the Bumble App.  *See*, *e.g.*,

https://bumble.com/en/the-buzz/non-facebook-login (last visited Sept. 28, 2020) and

https://www.youtube.com/watch?v=fQRA1rKCGqA (last visited Sept. 28, 2020).

The Bumble App provides matches. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020). Further, the Bumble App allows users to create a profile. *See*, *e.g.*, https://bumble.com/en/the-buzz/how-to-get-more-matches (last visited Sept. 28, 2020).

53.    As in claim 1 of the '428 Patent, the Accused Instrumentality determines, by the collaboration system (*e.g.*, the Bumble App matching system), a match between profile data of a first registered mobile device and profile data of a second registered mobile device. For example, the Bumble App matches profile data of its registered users. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

54.    As in claim 1 of the '428 Patent, the Accused Instrumentality displays at the first registered mobile device in response to the match a first list of user identification (*e.g.*, the Swipe Deck), the first list including an identification of a user of the second registered mobile device. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

55.    As in claim 1 of the '428 Patent, the Accused Instrumentality displays at the second registered mobile device in response to the match a second list of user identifications (*e.g.*, the Swipe Deck), the second list including an identification of

a user of the first registered mobile device. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

56.     As in claim 1 of the '428 Patent, the Accused Instrumentality provides at the first registered mobile device an option (*e.g.*, swipe right or left) for the user of the first registered mobile device to select (*e.g.*, swipe right) or not select (*e.g.*, swipe left or not swipe) the identification of the second registered mobile device user from the first list. *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

57.     As in claim 1 of the '428 Patent, the Accused Instrumentality provides at the second registered mobile device an option (*e.g.*, swipe right or left) for the user of the second registered mobile device to select (*e.g.*, swipe right) or not select (e.g., swipe left or not swipe) the identification of the first registered mobile device user from the second list. *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

58.     As in claim 1 of the '428 Patent, the Accused Instrumentality receives selection of the identification of the second registered mobile device user from the first list. *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

59.     As in claim 1 of the '428 Patent, the Accused Instrumentality receives selection of the identification of the first registered mobile device user from the

second list.  *See*, *e.g.*,  https://www.youtube.com/watch?v=DX8HCcTyS0s  (last visited Sept. 28, 2020).

60.     As in claim 1 of the '428 Patent, the Accused Instrumentality generates a notification (*e.g.*, "Boom" notification) at the first registered mobile device of at least one of a location or an element of the profile data (*e.g.*, a photo) of the second registered mobile device; and generating a notification (*e.g.*, "Boom" notification) at the second registered mobile device of at least one of a location, or an element of the profile data (*e.g.*, a photo) of the first registered mobile device, wherein the profile data of the first registered mobile device or the second registered mobile device includes at least one of a location, an attribute, a status, personal information, a social relationship between the first and second registered mobile device users, a common interest, current or historical location data, previously or currently selected user identifications, or a scanning preference or search criteria.  For example, when two users match in the Bumble App, the mobile application displays a Boom screen that shows the photo of the other user.  *See*, *e.g.*, https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020). Further, a user's profile information includes at least a photo, a location, an attribute, a status, personal information, a social relationship between the first and second registered mobile device users, a common interest, location data, selected user identifications, or a scanning preference or search criteria.  *See*, *e.g.*,

https://www.youtube.com/watch?v=fQRA1rKCGqA; https://bumble.com/en/the-buzz/how-to-get-more-matches (last visited Sept. 28, 2020); https://bumble.com/en/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020); https://bumble.com/en-us/the-buzz/how-to-use-filters-on-bumble (last visited Sept. 28, 2020); and https://bumble.com/en/help/how-can-i-change-my-location (last visited Sept. 28, 2020).

61.     Defendant makes, uses, imports, sells, and/or offers to sell the Accused Instrumentality that practices the method in accordance with at least claim 1 of the '428 Patent.

62.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '428 Patent, including through its own use and testing of the Accused Instrumentality.

63.     Defendant has directly infringed and continues to directly infringe at least one claim of the '428 Patent by making, using, importing, offering for sale, and/or selling the Accused Instrumentality without authority in the United States. As a direct and proximate result of Defendant's direct infringement of the '428 Patent, KinectUs has been and continues to be damaged.

64.     By engaging in the conduct described herein, Defendant has injured KinectUs and is thus liable for infringement of the '428 Patent, pursuant to 35 U.S.C. § 271.

65.     Defendant has committed these acts of infringement without license or authorization.

66.     As a result of Defendant's infringement of the '428 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

67.     Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

68.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim chart that it provides with this Complaint. The claim chart depicted in Exhibit G is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

69.     On information and belief, the infringement of the '428 Patent by Bumble has been willful and continues to be willful.  Bumble had knowledge of the '428 Patent at least as early as March 20, 2019 through its reliance on the '428 Patent

as Exhibit 1013 in *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Paper 1 (PTAB Mar. 20, 2019). *See also Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01537, Paper 1 (PTAB Aug. 26, 2019) and *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01538, Paper 1 (PTAB Aug. 26, 2019). Bumble also had knowledge of the '428 Patent through KinectUs's patent notice identifying the '428 Patent, which was and is currently available at least at [www.kinectus.net](www.kinectus.net), and Bumble's citation to and analysis of the KinectUs social mobile platform in *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Exhibit 1002 (PTAB Mar. 20, 2019), *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01537, Exhibit 1002 (PTAB Aug. 26, 2019), and *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01538, Exhibit 1002 (PTAB Aug. 26, 2019). Upon information and belief, Bumble cited and charted the '428 Patent as Exhibits 34-A, 34-B, and 34-C in Defendant Bumble Trading Inc.'s Preliminary Invalidity Contentions served on March 22, 2019 in *Match Group, LLC v. Bumble Trading, Inc.*, Case No. 6:18-cv-00080-ADA (W.D. Tex.). *See, e.g.*, *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Exhibit 2004 (PTAB Mar. 20, 2019). Additionally, Bumble has knowledge of the '428 Patent as a result of the filing and/or service of this Complaint. Despite actual and/or constructive knowledge, Bumble continues to infringe the '428 Patent.

70. Upon information and belief, Bumble's infringement of the '428 Patent will continue unless enjoined by this Court to the great and irreparable injury of KinectUs, for which KinectUs has no adequate remedy at law unless Bumble is enjoined by this Court. Accordingly, KinectUs seeks a preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and/or selling the Accused Instrumentality.

71. KinectUs is informed and believes and thereupon alleges that Bumble's activities with respect to the Accused Instrumentality has resulted in lost sales and reduced business opportunities, all to KinectUs's damage in an amount not yet fully determined. The exact amount of profits realized by Bumble as a result of its infringing activities are presently unknown to KinectUs, as are the exact amount of damages suffered by KinectUs as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting. Pursuant to 35 U.S.C. § 284, KinectUs is also entitled to an increase of damages up to three times the amount found or assessed at least due to Bumble's willful and deliberate infringement. KinectUs is also entitled to an award of its attorneys' fees under 35 U.S.C. § 285 because Bumble's infringement presents an exceptional case.

72. Bumble is a competitor of KinectUs. Bumble offers an on-demand, social networking mobile application in the same market as KinectUs. Bumble's unauthorized, infringing sales are likely to cause irreparable harm to KinectUs,

which cannot be compensated by damages. Accordingly, KinectUs seeks a preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and selling the Accused Instrumentality.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,584,464

73.     Plaintiff incorporates by reference and re-alleges the foregoing allegations of this Complaint as if fully set forth herein.

74.     Defendant has directly infringed and continues to infringe at least claim 1 of the '464 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, or selling in the United States, and/or importing into the United States without authority or license the Accused Instrumentality. On information and belief, Bumble uses the Accused Instrumentality through at least testing, evaluations, and demonstrations. For example, as part of its sales and marketing activities, Bumble performs infringing demonstrations, evaluations, and testing of the Accused Instrumentality in the United States. On information and belief, Bumble sells and offers for sale the Accused Instrumentality to customers and end users in the United States and generates revenue from sales of the Accused Instrumentality to customers and end users. On information and belief, Bumble provides instructions and teachings to its customers and end users such that the Accused Instrumentality can be used to infringe the '464 Patent.

75.    The Accused Instrumentality meets all the limitations of at least claim

1 of the '464 Patent.  For example, claim 1 of the '464 patent recites:

A method for establishing a communication between mobile devices, comprising:

determining, by a collaboration system, a match between profile data of a first mobile device and profile data of a second mobile device;

displaying at the first mobile device in response to the match a first list of user identifications, the first list including an identification of a user of the second mobile device;

displaying at the second mobile device in response to the match a second list of user identifications, the second list including an identification of a user of the first mobile device;

providing at the first mobile device an option for the user of the first mobile device to select or not to select the identification of the second mobile device user from the first list, wherein in response to selecting or not selecting the identification of the second mobile device user an option is provided to select or not to select a different user identification;

providing at the second mobile device an option for the user of the second mobile device to select or not to select the identification of the first mobile device user from the second list, wherein in response to selecting or not selecting the identification of the first mobile device user, an option is provided to select or not select a different user identification;

wherein: in response to selecting the identification of the second mobile device user from the first list and selecting the identification of the first mobile device user from the second list, an electronic communication is formed between the first mobile device and second mobile device;

and wherein: in response to the first mobile device user failing to select the identification of the second mobile device user from the first list or the second mobile device user failing to select the identification of the first mobile device user from the second list, an electronic

communication is prevented from being formed between the first mobile device and second mobile device.

76.     A non-limiting and exemplary claim chart comparing the Accused Instrumentality to claim 1 of the '464 Patent is attached hereto as Exhibit G and is incorporated herein as if fully rewritten. This description is based on publicly available information.   Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the Accused Instrumentality that it obtains during discovery.

77.     As in claim 1 of the '464 Patent, the Accused Instrumentality establishes a communication (*e.g.*, messaging, video chat, and voice call) between mobile devices.  *See, e.g.*, https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited Sept. 28, 2020); https://bumble.com/en-us/the-buzz/video-chat-voice-call        (last        visited        Sept.        28,        2020);        and https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020).

78.     As in claim 1 of the '464 Patent, the Accused Instrumentality determines, by the collaboration system (*e.g.*, the Bumble App matching system), a match between profile data of a first registered mobile device and profile data of a second registered mobile device.  For example, the Bumble App matching system matches profile data of its registered users.  *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

79.     As in claim 1 of the '464 Patent, the Accused Instrumentality displays at the first registered mobile device in response to the match a first list of user identification (*e.g.*, the Swipe Deck), the first list including an identification of a user of the second registered mobile device. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

80.     As in claim 1 of the '464 Patent, the Accused Instrumentality displays at the second registered mobile device in response to the match a second list of user identifications (*e.g.*, the Swipe Deck), the second list including an identification of a user of the first registered mobile device. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

81.     As in claim 1 of the '464 Patent, the Accused Instrumentality provides at the first registered mobile device an option (*e.g.*, swipe right or left) for the user of the first registered mobile device to select (*e.g.*, swipe right) or not select (*e.g.*, swipe left or not swipe) the identification of the second registered mobile device user from the first list.  *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

82.     As in claim 1 of the '464 Patent, the Accused Instrumentality provides at the second registered mobile device an option (*e.g.*, swipe right or left) for the user of the second registered mobile device to select (*e.g.*, swipe right) or not select (*e.g.*, swipe left or not swipe) the identification of the first registered mobile device

user from the second list. *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

83. As in claim 1 of the '464 Patent, the Accused Instrumentality receives selection of the identification of the second registered mobile device user from the first list. *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

84. As in claim 1 of the '464 Patent, the Accused Instrumentality receives selection of the identification of the first registered mobile device user from the second list. *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

85. As in claim 1 of the '464 Patent, the Accused Instrumentality provides functionality such that in response to selecting (*e.g.*, swiping right) the identification of the second mobile device user from the first list and selecting (*e.g.*, swiping right) the identification of the first mobile device user from the second list, an electronic communication (*e.g.*, messaging, video chat, and voice call) is formed between the first mobile device and second mobile device. For example, when two users match in the Bumble App, the mobile application displays a "Boom" screen and then enables the forming of communications between the matched users. *See*, *e.g.*, https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020); https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited

Sept. 28, 2020); and https://bumble.com/en-us/the-buzz/video-chat-voice-call (last visited Sept. 28, 2020).

86.     As in claim 1 of the '464 Patent, the Accused Instrumentality provides functionality such that in response to the first mobile device user failing to select (*e.g.*, swiping left or not selecting) the identification of the second mobile device user from the first list or the second mobile device user failing to select (*e.g.*, swiping left or not selecting) the identification of the first mobile device user from the second list, an electronic communication (*e.g.*, messaging, video chat, and voice call) is prevented from being formed between the first mobile device and second mobile device.  For example, if there is no mutual selection, users may not communicate with each other through the Bumble App platform.  *See*, *e.g.*, https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020); https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited Sept. 28, 2020); https://bumble.com/en-us/the-buzz/video-chat-voice-call (last visited Sept. 28, 2020); and https://bumble.com/en/help/why-can-t-i-start-a-conversation-with-somebody-i-ve-swiped-right-on (last visited Sept. 28, 2020).

87.     Defendant makes, uses, imports, sells, and/or offers to sell the Accused Instrumentality that practices the method in accordance with at least claim 1 of the '464 Patent.

88.    In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '464 Patent, including through its own use and testing of the Accused Instrumentality.

89.    Defendant has directly infringed and continues to directly infringe at least one claim of the '464 Patent by making, using, importing, offering for sale, and/or selling the Accused Instrumentality without authority in the United States. As a direct and proximate result of Defendant's direct infringement of the '464 Patent, KinectUs has been and continues to be damaged.

90.    By engaging in the conduct described herein, Defendant has injured KinectUs and is thus liable for infringement of the '464 Patent, pursuant to 35 U.S.C. § 271.

91.    Defendant has committed these acts of infringement without license or authorization.

92.    As a result of Defendant's infringement of the '464 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

93.    Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is

entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

94. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim chart that it provides with this Complaint. The claim chart depicted in Exhibit G is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

95. On information and belief, the infringement of the '464 Patent by Bumble has been willful and continues to be willful. Bumble had knowledge of the '464 Patent at least as early as March 20, 2019 through KinectUs's patent notice identifying the '464 Patent, which was and is currently available at least at www.kinectus.net, and Bumble's citation to and analysis of the KinectUs social mobile platform in *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Exhibit 1002 (PTAB Mar. 20, 2019), *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01537, Exhibit 1002 (PTAB Aug. 26, 2019), and *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01538, Exhibit 1002 (PTAB Aug. 26, 2019). Additionally, Bumble has knowledge of the '464 Patent as a result

of the filing and/or service of this Complaint. Despite actual and/or constructive knowledge, Bumble continues to infringe the '464 Patent.

96. Upon information and belief, Bumble's infringement of the '464 Patent will continue unless enjoined by this Court to the great and irreparable injury of KinectUs, for which KinectUs has no adequate remedy at law unless Bumble is enjoined by this Court. Accordingly, KinectUs seeks a preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and/or selling the Accused Instrumentality.

97. KinectUs is informed and believes and thereupon alleges that Bumble's activities with respect to the Accused Instrumentality has resulted in lost sales and reduced business opportunities, all to KinectUs's damage in an amount not yet fully determined. The exact amount of profits realized by Bumble as a result of its infringing activities are presently unknown to KinectUs, as are the exact amount of damages suffered by KinectUs as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting. Pursuant to 35 U.S.C. § 284, KinectUs is also entitled to an increase of damages up to three times the amount found or assessed at least due to Bumble's willful and deliberate infringement. KinectUs is also entitled to an award of its attorneys' fees under 35 U.S.C. § 285 because Bumble's infringement presents an exceptional case.

98. Bumble is a competitor of KinectUs. Bumble offers an on-demand, social networking mobile application in the same market as KinectUs. Bumble's unauthorized, infringing sales are likely to cause irreparable harm to KinectUs, which cannot be compensated by damages. Accordingly, KinectUs seeks a preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and selling the Accused Instrumentality.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 9,763,070

99. Plaintiff incorporates by reference and re-alleges the foregoing allegations of this Complaint as if fully set forth herein.

100. Defendant has directly infringed and continues to infringe at least claim 1 of the '070 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, or selling in the United States, and/or importing into the United States without authority or license the Accused Instrumentality. On information and belief, Bumble uses the Accused Instrumentality through at least testing, evaluations, and demonstrations. For example, as part of its sales and marketing activities, Bumble performs infringing demonstrations, evaluations, and testing of the Accused Instrumentality in the United States. On information and belief, Bumble sells and offers for sale the Accused Instrumentality to customers and end users in the United States and generates revenue from sales of the Accused Instrumentality to customers and end users. On information and belief, Bumble provides instructions and

teachings to its customers and end users such that the Accused Instrumentality can be used to infringe the '070 Patent.

101. The Accused Instrumentality meets all the limitations of at least claim 1 of the '070 Patent. For example, claim 1 of the '070 patent recites:

A method for establishing a communication between mobile devices, comprising:

registering a plurality of mobile devices on a collaboration system, each device including profile data;

providing a user of a first mobile device an option to designate at least one desired activity;

providing a user of a second mobile device an option to designate at least one desired activity;

determining, by the collaboration system, a match between the profile data of the first mobile device and the profile data of the second mobile device;

displaying at the first mobile device in response to the match a first list of user identifications, the first list including an identification of the user of the second mobile device;

displaying at the second mobile device in response to the match a second list of user identifications, the second list including an identification of the user of the first mobile device;

providing at the first mobile device an option for the user of the first mobile device to select or not to select the identification of the second mobile device user from the first list;

providing at the second mobile device an option for the user of the second mobile device to select or not to select the identification of the first mobile device user from the second list; wherein;

in response to selecting the identification of the second mobile device user from the first list and selecting the identification of the first mobile

device user from the second list, an electronic communication is formed between the first mobile device and second mobile device; and wherein

in response to the first mobile device user failing to select the identification of the second mobile device user from the first list or the second mobile device user failing to select the identification of the first mobile device user from the second list, an electronic communication is prevented from being formed between the first mobile device and second mobile device.

102. A non-limiting and exemplary claim chart comparing the Accused Instrumentality to claim 1 of the '070 Patent is attached hereto as Exhibit G and is incorporated herein as if fully rewritten. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the Accused Instrumentality that it obtains during discovery.

103. As in claim 1 of the '070 Patent, the Accused Instrumentality establishes a communication (*e.g.*, messaging, video chat, and voice call) between mobile devices. *See, e.g.*, https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited Sept. 28, 2020); https://bumble.com/en-us/the-buzz/video-chat-voice-call (last visited Sept. 28, 2020); and https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020).

104. As in claim 1 of the '070 Patent, the Accused Instrumentality registers a plurality of mobile devices with a collaboration system (*e.g.*, the Bumble App matching system), each mobile device including profile data. For example, Bumble

App users register their mobile device with the Bumble App. *See*, *e.g.*, https://bumble.com/en/the-buzz/non-facebook-login (last visited Sept. 28, 2020) and https://www.youtube.com/watch?v=fQRA1rKCGqA (last visited Sept. 28, 2020). Bumble provides a collaboration system (*e.g.*, the Bumble App matching system) that provides matches. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020). Further, the Bumble App allows users to create a profile. *See*, *e.g.*, https://bumble.com/en/the-buzz/how-to-get-more-matches (last visited Sept. 28, 2020).

105. As in claim 1 of the '070 Patent, the Accused Instrumentality provides a user of a first mobile device an option to designate at least one desired activity. For example, the Bumble App provides a user with an option to designate an activity through the mobile application. Such activities include, for instance, dating through Bumble Date, friend-finding through Bumble BFF, and career-building through Bumble Bizz. *See*, *e.g.*, https://bumble.com/en/help/how-does-bumble-work (last visited Sept. 28, 2020).

106. As in claim 1 of the '070 Patent, the Accused Instrumentality provides a user of a second mobile device an option to designate at least one desired activity. For example, the Bumble App provides a user with an option to designate an activity through the mobile application. Such activities include, for instance, dating through Bumble Date, friend-finding through Bumble BFF, and career-building through

Bumble Bizz.  *See*, *e.g.*, https://bumble.com/en/help/how-does-bumble-work (last visited Sept. 28, 2020).

107.   As in claim 1 of the '070 Patent, the Accused Instrumentality determines, by the collaboration system (*e.g.*, the Bumble App matching system), a match between profile data of a first registered mobile device and profile data of a second registered mobile device.  For example, the Bumble App matching system matches profile data of its registered users.  *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

108.   As in claim 1 of the '070 Patent, the Accused Instrumentality displays at the first registered mobile device in response to the match a first list of user identification (*e.g.*, the Swipe Deck), the first list including an identification of a user of the second registered mobile device.  *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

109.   As in claim 1 of the '070 Patent, the Accused Instrumentality displays at the second registered mobile device in response to the match a second list of user identifications (*e.g.*, the Swipe Deck), the second list including an identification of a user of the first registered mobile device.  *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

110.   As in claim 1 of the '070 Patent, the Accused Instrumentality provides at the first registered mobile device an option (*e.g.*, swipe right or left) for the user

of the first registered mobile device to select (*e.g.*, swipe right) or not select (*e.g.*, swipe left or not swipe) the identification of the second registered mobile device user from the first list. *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

111.  As in claim 1 of the '070 Patent, the Accused Instrumentality provides at the second registered mobile device an option (*e.g.*, swipe right or left) for the user of the second registered mobile device to select (*e.g.*, swipe right) or not select (*e.g.*, swipe left or not swipe) the identification of the first registered mobile device user from the second list. *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

112.  As in claim 1 of the '070 Patent, the Accused Instrumentality provides functionality such that in response to selecting (*e.g.*, swiping right) the identification of the second mobile device user from the first list and selecting (*e.g.*, swiping right) the identification of the first mobile device user from the second list, an electronic communication (*e.g.*, messaging, video chat, and voice call) is formed between the first mobile device and second mobile device. *See*, *e.g.*, https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020); https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited Sept. 28, 2020); and https://bumble.com/en-us/the-buzz/video-chat-voice-call (last visited Sept. 28, 2020).

113.   As in claim 1 of the '070 Patent, the Accused Instrumentality provides functionality such that in response to the first mobile device user failing to select (*e.g.*, swiping left or not selecting) the identification of the second mobile device user from the first list or the second mobile device user failing to select (*e.g.*, swiping left or not selecting) the identification of the first mobile device user from the second list, an electronic communication (*e.g.*, messaging, video chat, and voice call) is prevented from being formed between the first mobile device and second mobile device.  For example, if there is no mutual selection, users may not communicate with each other through the Bumble App platform.  *See*, *e.g.*, https://www.youtube.com/watch?v=k26xSm3VQUM; https://bumble.com/en/help/how-does-messaging-work-on-bumble  (last visited Sept. 28, 2020);   https://bumble.com/en-us/the-buzz/video-chat-voice-call  (last visited Sept. 28, 2020); and   https://bumble.com/en/help/why-can-t-i-start-a-conversation-with-somebody-i-ve-swiped-right-on (last visited Sept. 28, 2020).

114.   Defendant makes, uses, imports, sells, and/or offers to sell the Accused Instrumentality that practices the method in accordance with at least claim 1 of the '070 Patent.

115.   In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '070 Patent, including through its own use and testing of the Accused Instrumentality.

116.   Defendant has directly infringed and continues to directly infringe at least one claim of the '070 Patent by making, using, importing, offering for sale, and/or selling the Accused Instrumentality without authority in the United States. As a direct and proximate result of Defendant's direct infringement of the '070 Patent, KinectUs has been and continues to be damaged.

117.   By engaging in the conduct described herein, Defendant has injured KinectUs and is thus liable for infringement of the '070 Patent, pursuant to 35 U.S.C. § 271.

118.   Defendant has committed these acts of infringement without license or authorization.

119.   As a result of Defendant's infringement of the '070 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

120.   Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

121.   Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention

or claim construction purposes by the claim chart that it provides with this Complaint. The claim chart depicted in Exhibit G is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

122. On information and belief, the infringement of the '070 Patent by Bumble has been willful and continues to be willful. Bumble had knowledge of the '070 Patent at least as early as March 20, 2019 through KinectUs's patent notice identifying the '070 Patent, which was and is currently available at least at www.kinectus.net and on the Apple App Store, and Bumble's citation to and analysis of the KinectUs social mobile platform in *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Exhibit 1002 (PTAB Mar. 20, 2019), *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01537, Exhibit 1002 (PTAB Aug. 26, 2019), and *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01538, Exhibit 1002 (PTAB Aug. 26, 2019). Additionally, Bumble has knowledge of the '070 Patent as a result of the filing and/or service of this Complaint. Despite actual and/or constructive knowledge, Bumble continues to infringe the '070 Patent.

123. Upon information and belief, Bumble's infringement of the '070 Patent will continue unless enjoined by this Court to the great and irreparable injury of

KinectUs, for which KinectUs has no adequate remedy at law unless Bumble is enjoined by this Court. Accordingly, KinectUs seeks a preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and/or selling the Accused Instrumentality.

124. KinectUs is informed and believes and thereupon alleges that Bumble's activities with respect to the Accused Instrumentality has resulted in lost sales and reduced business opportunities, all to KinectUs's damage in an amount not yet fully determined. The exact amount of profits realized by Bumble as a result of its infringing activities are presently unknown to KinectUs, as are the exact amount of damages suffered by KinectUs as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting. Pursuant to 35 U.S.C. § 284, KinectUs is also entitled to an increase of damages up to three times the amount found or assessed at least due to Bumble's willful and deliberate infringement. KinectUs is also entitled to an award of its attorneys' fees under 35 U.S.C. § 285 because Bumble's infringement presents an exceptional case.

125. Bumble is a competitor of KinectUs. Bumble offers an on-demand, social networking mobile application in the same market as KinectUs. Bumble's unauthorized, infringing sales are likely to cause irreparable harm to KinectUs, which cannot be compensated by damages. Accordingly, KinectUs seeks a

preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and selling the Accused Instrumentality.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,117,074

126. Plaintiff incorporates by reference and re-alleges the foregoing allegations of this Complaint as if fully set forth herein.

127. Defendant has directly infringed and continues to infringe at least claim 1 of the '074 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, or selling in the United States, and/or importing into the United States without authority or license the Accused Instrumentality. On information and belief, Bumble uses the Accused Instrumentality through at least testing, evaluations, and demonstrations. For example, as part of its sales and marketing activities, Bumble performs infringing demonstrations, evaluations, and testing of the Accused Instrumentality in the United States. On information and belief, Bumble sells and offers for sale the Accused Instrumentality to customers and end users in the United States and generates revenue from sales of the Accused Instrumentality to customers and end users. On information and belief, Bumble provides instructions and teachings to its customers and end users such that the Accused Instrumentality can be used to infringe the '074 Patent.

128. The Accused Instrumentality meets all the limitations of at least claim 1 of the '074 Patent. For example, claim 1 of the '074 patent recites:

A method for establishing a communication between mobile devices, comprising:

registering a plurality of mobile devices with a collaboration system, each device including profile data;

determining, by the collaboration system, a match between profile data of each of a first mobile device and a second mobile device of the plurality of mobile devices;

outputting from the collaboration system to the first mobile device in response to the match a first list of user identifications, the first list including an identification of a user of the second mobile device;

outputting from the collaboration system to the second mobile device in response to the match a second list of user identifications, the second list including an identification of a user of the first mobile device;

receiving from the first mobile device selection data for the identification of the second mobile device user from the first list;

receiving from the second mobile device selection date for the identification of first mobile device user from the second list, wherein:

in response to the first mobile device selecting the identification of the user of the second mobile device from the first list and the second mobile device selecting the identification of the user of the first mobile device from the second list, forming an electronic communication between the first mobile device and second mobile device, wherein:

at least the first mobile device or the second mobile device includes at least a first and second profile of the profile data, the second profile containing at least one profile element different than the first profile; and wherein:

in response to a first condition the first profile determines the match and in response a second condition different than the first condition, the second profile determines the match.

129. A non-limiting and exemplary claim chart comparing the Accused

Instrumentality to claim 1 of the '074 Patent is attached hereto as Exhibit G and is

incorporated herein as if fully rewritten. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the Accused Instrumentality that it obtains during discovery.

130. As in claim 1 of the '074 Patent, the Accused Instrumentality establishes a communication (*e.g.*, messaging, video chat, and voice call) between mobile devices. *See*, *e.g.*, https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited Sept. 28, 2020); https://bumble.com/en-us/the-buzz/video-chat-voice-call (last visited Sept. 28, 2020); and https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020).

131. As in claim 1 of the '074 Patent, the Accused Instrumentality registers a plurality of mobile devices with a collaboration system (*e.g.*, the Bumble App matching system), each device including profile data. For example, Bumble App users register their mobile device with the Bumble App. *See*, *e.g.*, https://bumble.com/en/the-buzz/non-facebook-login (last visited Sept. 28, 2020) and https://www.youtube.com/watch?v=fQRA1rKCGqA (last visited Sept. 28, 2020). Bumble provides a collaboration system (*e.g.*, the Bumble App matching system) that provides matches. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020). Further, the Bumble App allows users

to create a profile. *See*, *e.g.*, https://bumble.com/en/the-buzz/how-to-get-more-matches (last visited Sept. 28, 2020).

132.   As in claim 1 of the '074 Patent, the Accused Instrumentality determines, by the collaboration system, a match between profile data of each of a first mobile device and a second mobile device of the plurality of mobile devices. For example, the Bumble App matching system matches profile data of its registered users. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

133.   As in claim 1 of the '074 Patent, the Accused Instrumentality outputs from the collaboration system to the first mobile device in response to the match a first list of user identifications (*e.g.*, the Swipe Deck), the first list including an identification of a user of the second mobile device. For example, the Bumble App provides a Swipe Deck of profile matches. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

134.   As in claim 1 of the '074 Patent, the Accused Instrumentality outputs from the collaboration system to the second mobile device in response to the match a second list of user identifications (*e.g.*, the Swipe Deck), the second list including an identification of a user of the first mobile device. For example, the Bumble App provides a Swipe Deck of profile matches. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

135. As in claim 1 of the '074 Patent, the Accused Instrumentality receives from the first mobile device selection data (*e.g.*, swipe right or left) for the identification of the second mobile device user from the first list. *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

136. As in claim 1 of the '074 Patent, the Accused Instrumentality receives from the second mobile device selection data (*e.g.*, swipe right or left) for the identification of the first mobile device user from the second list. *See*, *e.g.*, https://www.youtube.com/watch?v=DX8HCcTyS0s (last visited Sept. 28, 2020).

137. As in claim 1 of the '074 Patent, the Accused Instrumentality in response to selecting (*e.g.*, swiping right) the identification of the second mobile device user from the first list and selecting (*e.g.*, swiping right) the identification of the first mobile device user from the second list, an electronic communication (*e.g.*, messaging, video chat, and voice call) is formed between the first mobile device and second mobile device. For example, when two users match in The Bumble App, the app displays a Boom screen and then at least one of the users can initiate communication. *See*, *e.g.*, https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020); https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited Sept. 28, 2020); and https://bumble.com/en-us/the-buzz/video-chat-voice-call (last visited Sept. 28, 2020).

138.    As in claim 1 of the '074 Patent, in the Accused Instrumentality, at least the first mobile device or the second mobile device includes at least a first and second profile (*e.g.*, Date, BFF, or Bizz) of the profile data, the second profile containing at least one profile element different than the first profile.  For example, the Bumble App provides modes of operation that include Date, BFF, and Bizz.  *See*, *e.g.*, https://bumble.com/en/help/how-does-bumble-work (last visited Sept. 28, 2020). The profile information in each of the modes is different.  *Id.*  For instance, the Bumble App provides functionality for creating a friend finding profile.  *See*, *e.g.*, https://bumble.com/en/help/what-is-bumble-bff (last visited Sept. 28, 2020).  The Bumble App also provides functionality for creating a business profile.  *See*, *e.g.*, https://bumble.com/en/help/what-is-bumble-bizz (last visited Sept. 28, 2020).  Also, the Bumble Bizz profile is formatted differently and allows additional information. *See*, *e.g.*, https://bumble.com/en/the-buzz/how-to-get-noticed-on-bumble-bizz-profile (last visited Sept. 28, 2020).

139.    As claim 1 of the '074 Patent, the Accused Instrumentality in response to a first condition (*e.g.*, a Bumble App mode) the first profile determines the match and in response a second condition (*e.g.*, a different Bumble App mode) different than the first condition, the second profile determines the match.  For example, the Bumble App provides functionality to provide matches based on a condition (or mode).  *See*, *e.g.*, https://bumble.com/en/help/can-i-use-multiple-bumble-modes

(last visited Sept. 28, 2020) and https://bumble.com/en/the-buzz/how-to-use-bumble-bizz-video (last visited Sept. 28, 2020).

140. Defendant makes, uses, imports, sells, and/or offers to sell the Accused Instrumentality that practices the method in accordance with at least claim 1 of the '074 Patent.

141. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '074 Patent, including through its own use and testing of the Accused Instrumentality.

142. Defendant has directly infringed and continues to directly infringe at least one claim of the '074 Patent by making, using, importing, offering for sale, and/or selling the Accused Instrumentality without authority in the United States. As a direct and proximate result of Defendant's direct infringement of the '074 Patent, KinectUs has been and continues to be damaged.

143. By engaging in the conduct described herein, Defendant has injured KinectUs and is thus liable for infringement of the '074 Patent, pursuant to 35 U.S.C. § 271.

144. Defendant has committed these acts of infringement without license or authorization.

145. As a result of Defendant's infringement of the '074 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount

adequate to compensate for Defendant's past infringement, together with interests and costs.

146.  Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

147.  Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim chart that it provides with this Complaint. The claim chart depicted in Exhibit G is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

148.  On information and belief, the infringement of the '074 Patent by Bumble has been willful and continues to be willful.  Bumble had knowledge of the '074 Patent at least as early as March 20, 2019 through KinectUs's patent notice identifying the '074 Patent, which was and is currently available at least at www.kinectus.net and on the Apple App Store, and Bumble's citation to and analysis of the KinectUs social mobile platform in *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Exhibit 1002 (PTAB Mar. 20, 2019),

*Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01537, Exhibit 1002 (PTAB Aug. 26, 2019), and *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01538, Exhibit 1002 (PTAB Aug. 26, 2019). Additionally, Bumble has knowledge of the '074 Patent as a result of the filing and/or service of this Complaint. Despite actual and/or constructive knowledge, Bumble continues to infringe the '074 Patent.

149. Upon information and belief, Bumble's infringement of the '074 Patent will continue unless enjoined by this Court to the great and irreparable injury of KinectUs, for which KinectUs has no adequate remedy at law unless Bumble is enjoined by this Court. Accordingly, KinectUs seeks a preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and/or selling the Accused Instrumentality.

150. KinectUs is informed and believes and thereupon alleges that Bumble's activities with respect to the Accused Instrumentality has resulted in lost sales and reduced business opportunities, all to KinectUs's damage in an amount not yet fully determined. The exact amount of profits realized by Bumble as a result of its infringing activities are presently unknown to KinectUs, as are the exact amount of damages suffered by KinectUs as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting. Pursuant to 35 U.S.C. § 284, KinectUs is also entitled to an increase of damages up to three times

the amount found or assessed at least due to Bumble's willful and deliberate infringement. KinectUs is also entitled to an award of its attorneys' fees under 35 U.S.C. § 285 because Bumble's infringement presents an exceptional case.

151. Bumble is a competitor of KinectUs. Bumble offers an on-demand, social networking mobile application in the same market as KinectUs. Bumble's unauthorized, infringing sales are likely to cause irreparable harm to KinectUs, which cannot be compensated by damages. Accordingly, KinectUs seeks a preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and selling the Accused Instrumentality.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,117,075

152. Plaintiff incorporates by reference and re-alleges the foregoing allegations of this Complaint as if fully set forth herein.

153. Defendant has directly infringed and continues to infringe at least claim 1 of the '075 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, or selling in the United States, and/or importing into the United States without authority or license the Accused Instrumentality. On information and belief, Bumble uses the Accused Instrumentality through at least testing, evaluations, and demonstrations. For example, as part of its sales and marketing activities, Bumble performs infringing demonstrations, evaluations, and testing of the Accused Instrumentality in the United States. On information and belief, Bumble sells and

offers for sale the Accused Instrumentality to customers and end users in the United States and generates revenue from sales of the Accused Instrumentality to customers and end users. On information and belief, Bumble provides instructions and teachings to its customers and end users such that the Accused Instrumentality can be used to infringe the '075 Patent.

154. The Accused Instrumentality meets all the limitations of at least claim 1 of the '075 Patent. For example, claim 1 of the '075 patent recites:

A method for establishing communications between mobile devices, comprising:

registering a plurality of mobile devices on a collaboration system, each device including profile data, wherein the profile data includes at least gender information;

processing by the collaboration system search criteria for a user of each of a first mobile device and a second mobile device, wherein the search criteria includes at least gender information;

identifying by the collaboration system a match between the first and second mobile devices based on the profile data and the search criteria of the first and second mobile devices;

in response to identifying the match, outputting from the collaboration system to one of the first or second mobile devices an information notification of a presence of the other of the first or second mobile devices, including providing at least one profile data element of a first tier display of profile information to the one of the first or second mobile devices, the first tier display of profile information including at least one profile data element of the other of the first or second mobile devices;

receiving from the other of the first and second mobile devices selection data for the one of the first or second mobile devices, which in response authorizes a second tier display of profile information of the other of

the first or second mobile devices to be displayed on the one of the first or second mobile devices, wherein the second tier display of profile information includes at least one profile data element that is different than the first tier display of profile information, and wherein:

in response to the users of the first and second mobile devices selecting each other, outputting a notification from the collaboration system to the first mobile device informing the user of the first mobile device of the selection of the first mobile device by the user of the second mobile device, and outputting a notification from the collaboration system to the second mobile device informing the user of the second mobile device of the selection of the second mobile device by the user of the first mobile device.

155. A non-limiting and exemplary claim chart comparing the Accused Instrumentality to claim 1 of the '075 Patent is attached hereto as Exhibit G and is incorporated herein as if fully rewritten. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the Accused Instrumentality that it obtains during discovery.

156. As in claim 1 of the '075 Patent, the Accused Instrumentality establishes a communication (*e.g.*, messaging, video chat, and voice call) between mobile devices. *See*, *e.g.*, https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited Sept. 28, 2020); https://bumble.com/en-us/the-buzz/video-chat-voice-call (last visited Sept. 28, 2020); and https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020).

157. As in claim 1 of the '075 Patent, the Accused Instrumentality registers a plurality of mobile devices with a collaboration system (*e.g.*, the Bumble App matching system), each device including profile data. For example, Bumble App users register their mobile device with the Bumble App. *See*, *e.g.*, https://bumble.com/en/the-buzz/non-facebook-login (last visited Sept. 28, 2020) and https://www.youtube.com/watch?v=fQRA1rKCGqA (last visited Sept. 28, 2020). Bumble provides a collaboration system (*e.g.*, the Bumble App matching system) that provides matches. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020). Further, the Bumble App allows users to create a profile. *See*, *e.g.*, https://bumble.com/en/the-buzz/how-to-get-more-matches (last visited Sept. 28, 2020).

158. As in claim 1 of the '075 Patent, the Accused Instrumentality processes by the collaboration system (*e.g.*, the Bumble App matching system) search criteria for a user of each of a first mobile device and a second mobile device, wherein the search criteria includes at least gender information. For example, the Bumble App uses gender as part of its search criteria. *See*, *e.g.*, https://bumble.com/en/the-buzz/genderidentity (last visited Sept. 28, 2020); https://bumble.com/en/help/why-can-t-i-start-a-conversation-with-somebody-i-ve-swiped-right-on (last visited Sept. 28, 2020); and https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

159.   As in claim 1 of the '075 Patent, the Accused Instrumentality identifies by the collaboration system (*e.g.*, the Bumble App matching system) a match between the first and second mobile devices based on the profile data and the search criteria of the first and second mobile devices.  For example, the Bumble App matching system matches profile data of its users.  *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

160.   As in claim 1 of the '075 Patent, the Accused Instrumentality provides functionality such that in response to identifying the match, outputting from the collaboration system (*e.g.*, the Bumble App matching system) to one of the first or second mobile devices an information notification of a presence (*e.g.*, location) of the other of the first or second mobile devices, including providing at least one profile data element of a first tier display of profile information to the one of the first or second mobile devices, the first tier display of profile information including at least one profile data element of the other of the first or second mobile devices.  For example, the Bumble App provides for the display of a user's profile information. *See*, *e.g.*, https://bumble.com/en/the-buzz/how-to-get-more-matches (last visited Sept. 28, 2020); https://bumble.com/en/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020); https://bumble.com/en-us/the-buzz/how-to-use-filters-on-bumble (last visited Sept. 28, 2020); https://bumble.com/en/help/how-can-i-

change-my-location (last visited Sept. 28, 2020); and https://bumble.com/en/help/location-not-visible (last visited Sept. 28, 2020).

161. As in claim 1 of the '075 Patent, the Accused Instrumentality receives from the other of the first and second mobile devices selection data for the one of the first or second mobile devices, which in response authorizes a second tier display of profile information (*e.g.*, whether the user has SuperSwiped the profile) of the other of the first or second mobile devices to be displayed (*e.g.*, a heart icon and "Superswiped you!" text) on the one of the first or second mobile devices, wherein the second tier display of profile information includes at least one profile data element (*e.g.*, interest via SuperSwipe) that is different than the first tier display of profile information. For example, the Bumble App provides SuperSwipe functionality which provides additional information if the user chooses. *See*, *e.g.*, https://thebeehive.bumble.com/superswipe (last visited Sept. 28, 2020).

162. As in claim 1 of the '075 Patent, the Accused Instrumentality provides functionality such that in response to the users of the first and second mobile devices selecting each other, outputting a notification (*e.g.*, Boom screen) from the collaboration system (*e.g.*, the Bumble App matching system) to the first mobile device informing the user of the first mobile device of the selection of the first mobile device by the user of the second mobile device, and outputting a notification (*e.g.*, Boom screen) from the collaboration system (*e.g.*, the Bumble App matching

system) to the second mobile device informing the user of the second mobile device of the selection of the second mobile device by the user of the first mobile device. For example, the Bumble App provides a Boom screen notification upon mutual selection. *See*, *e.g.*, https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020).

163. Defendant makes, uses, imports, sells, and/or offers to sell the Accused Instrumentality that practices the method in accordance with at least claim 1 of the '075 Patent.

164. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '075 Patent, including through its own use and testing of the Accused Instrumentality.

165. Defendant has directly infringed and continues to directly infringe at least one claim of the '075 Patent by making, using, importing, offering for sale, and/or selling the Accused Instrumentality without authority in the United States. As a direct and proximate result of Defendant's direct infringement of the '075 Patent, KinectUs has been and continues to be damaged.

166. By engaging in the conduct described herein, Defendant has injured KinectUs and is thus liable for infringement of the '075 Patent, pursuant to 35 U.S.C. § 271.

167.   Defendant has committed these acts of infringement without license or authorization.

168.   As a result of Defendant's infringement of the '075 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

169. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

170.   Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim chart that it provides with this Complaint. The claim chart depicted in Exhibit G is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

171.   On information and belief, the infringement of the '075 Patent by Bumble has been willful and continues to be willful.  Bumble had knowledge of the '075 Patent at least as early as March 20, 2019 through KinectUs's patent notice

identifying the '075 Patent, which was and is currently available at least at www.kinectus.net and on the Apple App Store, and Bumble's citation to and analysis of the KinectUs social mobile platform in *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Exhibit 1002 (PTAB Mar. 20, 2019), *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01537, Exhibit 1002 (PTAB Aug. 26, 2019), and *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01538, Exhibit 1002 (PTAB Aug. 26, 2019). Additionally, Bumble has knowledge of the '075 Patent as a result of the filing and/or service of this Complaint. Despite actual and/or constructive knowledge, Bumble continues to infringe the '075 Patent.

172. Upon information and belief, Bumble's infringement of the '075 Patent will continue unless enjoined by this Court to the great and irreparable injury of KinectUs, for which KinectUs has no adequate remedy at law unless Bumble is enjoined by this Court. Accordingly, KinectUs seeks a preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and/or selling the Accused Instrumentality.

173. KinectUs is informed and believes and thereupon alleges that Bumble's activities with respect to the Accused Instrumentality has resulted in lost sales and reduced business opportunities, all to KinectUs's damage in an amount not yet fully determined. The exact amount of profits realized by Bumble as a result of its

infringing activities are presently unknown to KinectUs, as are the exact amount of damages suffered by KinectUs as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting. Pursuant to 35 U.S.C. § 284, KinectUs is also entitled to an increase of damages up to three times the amount found or assessed at least due to Bumble's willful and deliberate infringement. KinectUs is also entitled to an award of its attorneys' fees under 35 U.S.C. § 285 because Bumble's infringement presents an exceptional case.

174. Bumble is a competitor of KinectUs. Bumble offers an on-demand, social networking mobile application in the same market as KinectUs. Bumble's unauthorized, infringing sales are likely to cause irreparable harm to KinectUs, which cannot be compensated by damages. Accordingly, KinectUs seeks a preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and selling the Accused Instrumentality.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 10,516,979

175. Plaintiff incorporates by reference and re-alleges the foregoing allegations of this Complaint as if fully set forth herein.

176. Defendant has directly infringed and continues to infringe at least claim 1 of the '979 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, or selling in the United States, and/or importing into the United States without authority or license the Accused Instrumentality. On information and belief,

Bumble uses the Accused Instrumentality through at least testing, evaluations, and demonstrations. For example, as part of its sales and marketing activities, Bumble performs infringing demonstrations, evaluations, and testing of the Accused Instrumentality in the United States. On information and belief, Bumble sells and offers for sale the Accused Instrumentality to customers and end users in the United States and generates revenue from sales of the Accused Instrumentality to customers and end users. On information and belief, Bumble provides instructions and teachings to its customers and end users such that the Accused Instrumentality can be used to infringe the '979 Patent.

177. The Accused Instrumentality meets all the limitations of at least claim 1 of the '979 Patent. For example, claim 1 of the '979 patent recites:

A method for establishing communications between mobile devices, comprising:

registering a plurality of mobile devices on a system, each of the mobile devices including profile data;

receiving search criteria for a user of each of a first mobile device and a second mobile device of the plurality of mobile devices;

receiving location information of each of the first and second mobile devices;

identifying a match between the first and second mobile devices based on the profile data and the search criteria and the location information of the first and second mobile devices; wherein:

at least one of the first or second mobile device includes at least a first and second profile of the profile data, the second profile comprising at least one profile element different than the first profile, wherein:

in response to a first activation, the first profile is processed to identify the match,

in response to a second activation different than the first activation, the second profile is processed to identify the match;

the first or second activation is triggered by a search instruction or preferences of the user of the first or second mobile device; and

the match is identified by the social or professional relationship between the users of the first and second mobile devices or a personal or professional social graph or other attribute.

178. A non-limiting and exemplary claim chart comparing the Accused Instrumentality to claim 1 of the '979 Patent is attached hereto as Exhibit G and is incorporated herein as if fully rewritten. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the Accused Instrumentality that it obtains during discovery.

179. As in claim 1 of the '979 Patent, the Accused Instrumentality establish communications (*e.g.*, messaging, video chat, and voice call) between mobile devices. *See*, *e.g.*, https://bumble.com/en/help/how-does-messaging-work-on-bumble (last visited Sept. 28, 2020); https://bumble.com/en-us/the-buzz/video-chat-voice-call (last visited Sept. 28, 2020); and https://www.youtube.com/watch?v=k26xSm3VQUM (last visited Sept. 28, 2020).

180. As in claim 1 of the '979 Patent, the Accused Instrumentality registers a plurality of mobile devices on a system (*e.g.*, the Bumble App matching system),

each device including profile data. For example, Bumble App users register their mobile device with the Bumble App. *See*, *e.g.*, https://www.youtube.com/watch?v=fQRA1rKCGqA0 (last visited Sept. 28, 2020) and https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020). Further, the Bumble App allows users to create a profile. *See*, *e.g.*, https://bumble.com/en/the-buzz/how-to-get-more-matches (last visited Sept. 28, 2020).

181. As in claim 1 of the '979 Patent, the Accused Instrumentality receives search criteria for a user of each of a first mobile device and a second mobile device of the plurality of mobile devices. For example, the Bumble App matching system uses various search criteria, such as age, gender, and distance. *See*, *e.g.*, https://bumble.com/en/help/why-can-t-i-start-a-conversation-with-somebody-i-ve-swiped-right-on (last visited Sept. 28, 2020); https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020); https://twitter.com/bumble/status/795590799824130052 (last visited Sept. 28, 2020); and https://bumble.com/en/help/why-did-i-run-out-of-people-to-swipe-on (last visited Sept. 28, 2020).

182. As in claim 1 of the '979 Patent, the Accused Instrumentality receives location information of each of the first and second mobile devices. For example, the Bumble App receives the location information of the users as the user's profile

will default to the location of their mobile phone while using the Bumble App. *See*, *e.g.*, https://bumble.com/en/help/how-can-i-change-my-location (last visited Sept. 28, 2020); https://bumble.com/en/help/can-i-use-bumble-without-location-permissions (last visited Sept. 28, 2020); and https://bumble.com/privacy (last visited Sept. 28, 2020).

183.   As in claim 1 of the '979 Patent, the Accused Instrumentality identifies a match between the first and second mobile devices based on the profile data and the search criteria and the location information of the first and second mobile devices. For example, the Bumble App matching system matches profile data of its users. *See*, *e.g.*, https://bumble.com/help/what-are-filters-and-advanced-filters (last visited Sept. 28, 2020).

184.   As in claim 1 of the '979 Patent, the Accused Instrumentality functions such that at least one of the first or second mobile device includes at least a first and second profile of the profile data, the second profile comprising at least one profile element different than the first profile. For example, Bumble App users may establish three separate profiles and toggle between three modes including Bumble Date (dating), Bumble BFF (friend-finding), and Bumble Bizz (career-building). *See*, *e.g.*, https://bumble.com/en/help/how-does-bumble-work (last visited Sept. 28, 2020). Profiles on each mode are set up individually, maintained separately, and include profile content relevant to each mode. *See*, *e.g.*,

https://bumble.com/en/help/can-i-use-multiple-bumble-modes;

https://bumble.com/en/help/what-is-bumble-bff (last visited Sept. 28, 2020) and

https://bumble.com/en/help/what-is-bumble-bizz (last visited Sept. 28, 2020). A

Bumble App user can delete a profile in one mode and maintain profiles in other

modes. *See*, *e.g.*, https://bumble.com/en/help/can-i-delete-date-mode (last visited

Sept. 28, 2020). The Bumble Bizz profile is formatted differently and allows

additional information. *See*, *e.g.*, https://bumble.com/en/the-buzz/how-to-get-

noticed-on-bumble-bizz-profile (last visited Sept. 28, 2020).

185. As in claim 1 of the '979 Patent, the Accused Instrumentality functions

such that in response to a first activation, the first profile is processed to identify the

match. For example, the Bumble App provides functionality to provide matches

based on a condition (or mode). For instance, a user can activate a first mode (*e.g.*,

Bumble BFF) and the profile associated with the user for finding friends is processed

to identify a match. *See*, *e.g.*, https://bumble.com/en/help/can-i-use-multiple-

bumble-modes (last visited Sept. 28, 2020); https://bumble.com/en/the-buzz/how-

to-use-bumble-bizz-video (last visited Sept. 28, 2020); and

https://www.youtube.com/watch?time_continue=2&v=-gU-

7FytiQk&feature=emb_logo (last visited Sept. 28, 2020).

186. As in claim 1 of the '979 Patent, the Accused Instrumentality functions

such that in response to a second activation different than the first activation, the

second profile is processed to identify the match. For example, the Bumble App provides functionality to provide matches based on a condition (or mode). For instance, a user can activate a second mode (*e.g.*, Bumble Bizz) and the different profile associated with the user for finding business contacts is processed to identify a match. *See*, *e.g.*, https://bumble.com/en/help/can-i-use-multiple-bumble-modes; https://bumble.com/en/the-buzz/how-to-use-bumble-bizz-video (last visited Sept. 28, 2020) and https://www.youtube.com/watch?time_continue=2&v=-gU-7FytiQk&feature=emb_logo (last visited Sept. 28, 2020).

187. As in claim 1 of the '979 Patent, the Accused Instrumentality functions such that the first or second activation is triggered by a search instruction or preferences of the user of the first or second mobile device. the Bumble App provides functionality to provide matches based on a condition (or mode). For example, the first mode (*e.g.*, Bumble BFF) or second mode (*e.g.*, Bumble Bizz) activation is triggered by search instructions (*e.g.*, "Choose Mode") of the Bumble App user. *See*, *e.g.*, https://bumble.com/en/help/can-i-use-multiple-bumble-modes (last visited Sept. 28, 2020) and https://bumble.com/en/the-buzz/how-to-use-bumble-bizz-video (last visited Sept. 28, 2020).

188. As in claim 1 of the '979 Patent, the Accused Instrumentality functions such that the match is identified by the social or professional relationship between the users of the first and second mobile devices or a personal or professional social

graph or other attribute. For example, the Bumble App identifies matches based on social or professional relationships between users, user's social graph, and other attributes including profile data and location information. *See*, *e.g.,* https://bumble.com/en/help/how-does-bumble-work (last visited Sept. 28, 2020); https://bumble.com/en/the-buzz/get-the-support-youre-missing-at-work-with-women-in-bizz-feature (last visited Sept. 28, 2020); https://bumble.com/privacy (last visited Sept. 28, 2020); https://bumble.com/the-buzz/non-facebook-login (last visited Sept. 28, 2020); https://bumble.com/en/help/what-is-bumble-bff (last visited Sept. 28, 2020); and https://bumble.com/en/help/what-is-bumble-bizz (last visited Sept. 28, 2020).

189. Defendant makes, uses, imports, sells, and/or offers to sell the Accused Instrumentality that practices the method in accordance with at least claim 1 of the '979 Patent.

190. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '979 Patent, including through its own use and testing of the Accused Instrumentality.

191. Defendant has directly infringed and continues to directly infringe at least one claim of the '979 Patent by making, using, importing, offering for sale, and/or selling the Accused Instrumentality without authority in the United States.

As a direct and proximate result of Defendant's direct infringement of the '979 Patent, KinectUs has been and continues to be damaged.

192. By engaging in the conduct described herein, Defendant has injured KinectUs and is thus liable for infringement of the '979 Patent, pursuant to 35 U.S.C. § 271.

193. Defendant has committed these acts of infringement without license or authorization.

194. As a result of Defendant's infringement of the '979 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

195. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

196. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim chart that it provides with this Complaint. The claim chart depicted in Exhibit G is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not

represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

197.  On information and belief, the infringement of the '979 Patent by Bumble has been willful and continues to be willful.  On information and belief, Bumble had knowledge of the '979 Patent through KinectUs's patent notice identifying the '979 Patent, which was and is currently available at least at www.kinectus.net and on the Apple App Store, and Bumble's citation to and analysis of the KinectUs social mobile platform in *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-00842, Exhibit 1002 (PTAB Mar. 20, 2019), *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01537, Exhibit 1002 (PTAB Aug. 26, 2019), and *Bumble Trading Inc. v. Match Group, LLC*, Case No. IPR2019-01538, Exhibit 1002 (PTAB Aug. 26, 2019).  Additionally, Bumble has knowledge of the '979 Patent as a result of the filing and/or service of this Complaint.  Despite actual and/or constructive knowledge, Bumble continues to infringe the '979 Patent.

198.  Upon information and belief, Bumble's infringement of the '979 Patent will continue unless enjoined by this Court to the great and irreparable injury of KinectUs, for which KinectUs has no adequate remedy at law unless Bumble is enjoined by this Court.  Accordingly, KinectUs seeks a preliminary and/or

permanent injunction enjoining Bumble from making, using, importing, offering to sell and/or selling the Accused Instrumentality.

199.    KinectUs is informed and believes and thereupon alleges that Bumble's activities with respect to the Accused Instrumentality has resulted in lost sales and reduced business opportunities, all to KinectUs's damage in an amount not yet fully determined.    The exact amount of profits realized by Bumble as a result of its infringing activities are presently unknown to KinectUs, as are the exact amount of damages suffered by KinectUs as a result of said activities.    These profits and damages cannot be accurately ascertained without an accounting.    Pursuant to 35 U.S.C. § 284, KinectUs is also entitled to an increase of damages up to three times the amount found or assessed at least due to Bumble's willful and deliberate infringement.    KinectUs is also entitled to an award of its attorneys' fees under 35 U.S.C. § 285 because Bumble's infringement presents an exceptional case.

200.    Bumble is a competitor of KinectUs.    Bumble offers an on-demand, social networking mobile application in the same market as KinectUs.    Bumble's unauthorized, infringing sales are likely to cause irreparable harm to KinectUs, which cannot be compensated by damages.    Accordingly, KinectUs seeks a preliminary and/or permanent injunction enjoining Bumble from making, using, importing, offering to sell and selling the Accused Instrumentality.

## DEMAND FOR JURY TRIAL

KinectUs demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

**WHEREFORE**, KinectUs respectfully requests:

a.   A judgment that the Asserted Patents are valid and enforceable;

b.   A judgment be entered that Bumble has infringed one or more claims of the '428 Patent;

c.   A judgment be entered that Bumble has infringed one or more claims of the '464 Patent;

d.   A judgment be entered that Bumble has infringed one or more claims of the '070 Patent;

e.   A judgment be entered that Bumble has infringed one or more claims of the '074 Patent;

f.   A judgment be entered that Bumble has infringed one or more claims of the '075 Patent;

g.   A judgment be entered that Bumble has infringed one or more claims of the '979 Patent;

h.   A judgment that the Bumble's infringement of the '428 Patent was willful and that Bumble's continued infringement of the '428 Patent is willful;

i.     A judgment that the Bumble's infringement of the '464 Patent was willful and that Bumble's continued infringement of the '464 Patent is willful;

j.     A judgment that the Bumble's infringement of the '070 Patent was willful and that Bumble's continued infringement of the '070 Patent is willful;

k.     A judgment that the Bumble's infringement of the '074 Patent was willful and that Bumble's continued infringement of the '074 Patent is willful;

l.     A judgment that the Bumble's infringement of the '075 Patent was willful and that Bumble's continued infringement of the '075 Patent is willful;

m.     A judgment that the Bumble's infringement of the '979 Patent was willful and that Bumble's continued infringement of the '979 Patent is willful;

n.     A preliminary and/or permanent injunction against Bumble, its officers, agents, servants, employees, all parent and subsidiary entities, all assignees and successors in interest, and those persons or entities acting in concert or participating with Bumble, including distributors, enjoining them from further infringement of the Asserted Patents;

o.     A judgment awarding KinectUs all appropriate damages under 35 U.S.C. § 284 for Bumble's past infringement, and any continuing or future infringement of the Asserted Patents, including pre and post judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate KinectUs for Bumble's infringement, an accounting:  (i) that KinectUs

be awarded enhanced damages by reason of Bumble's willful infringement of the '428 Patent; (ii) that KinectUs be awarded enhanced damages by reason of Bumble's willful infringement of the '464 Patent; (iii) that KinectUs be awarded enhanced damages by reason of Bumble's willful infringement of the '070 Patent; (iv) that KinectUs be awarded enhanced damages by reason of Bumble's willful infringement of the '074 Patent; (v) that KinectUs be awarded enhanced damages by reason of Bumble's willful infringement of the '075 Patent; and (vi) that KinectUs be awarded enhanced damages by reason of Bumble's willful infringement of the '979 Patent; and

p.    A judgment that KinectUs be awarded such further relief at law or in equity as the Court deems just and proper.

Dated:  October 9, 2020                    Respectfully submitted,

                                            By:  */s/ Kevin S. Kudlac*
                                            Kevin S. Kudlac
                                            Texas Bar No. 00790089
                                            kevin@connorkudlaclee.com
                                            Cabrach J. Connor
                                            Texas Bar No. 24036390
                                            cab@connorkudlaclee.com
                                            Jennifer Tatum Lee
                                            Texas Bar No. 24046950
                                            jennifer@connorkudlaclee.com

                                            Rodney R. Miller
                                            Texas Bar No. 24070280
                                            Admitted in this District
                                            rmiller@hallboothsmith.com
                                            Jack D. Summer

Georgia Bar No. 561871
(*Pro Hac Vice forthcoming*)
jsummer@hallboothsmith.com
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303
T:  404.586.6601
F:  404.954.5020

Daniel C. Miller
New York Bar No. 4232773
Admitted in this District
dmiller@hallboothsmith.com
Aris Rotella
New York Bar No. 5726443
(*Pro Hac Vice forthcoming*)
arotella@hallboothsmith.com
**HALL BOOTH SMITH, P.C.**
366 Madison Ave, Fifth Floor
New York, NY 10017
T:  917.805.2460

Karl Braun
Tennessee Bar No. 022371
(*Pro Hac Vice forthcoming*)
kbraun@hallboothsmith.com
**HALL BOOTH SMITH, P.C.**
424 Church, Suite 2950
Nashville, TN 37219
T:  615.313.9911

Kirk A. Carter
Florida Bar No. 123035
(*Pro Hac Vice forthcoming*)
kcarter@hallboothsmith.com
**HALL BOOTH SMITH, P.C.**
200 West Forsyth Street, Suite 400
Jacksonville, FL 32202
T.  904.236.4929
*Counsel for Plaintiff KinectUs LLC*